IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR162 CORN LITIGATION | Master File No. 2:14-MD-02591-JWL-JPO |
| THIS DOCUMENT RELATES TO: | MDL No. 2591 |
| *The DeLong Co., Inc. v. Syngenta AG, et al.*, No. 2:17-cv-02614-JWL-JPO | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SURREPLY IN OPPOSITION TO SYNGENTA'S MOTION TO
DISMISS COUNTS I, II, III, V, AND VI OF PLAINTIFF'S COMPLAINT**

Plaintiff The DeLong Company (DeLong) seeks to file a five-page Surreply in Opposition to the Motion to Dismiss filed by Defendants Syngenta AG, Syngenta Crop Protection AG, Syngenta Corp., Syngenta Crop Protection, LLC, Syngenta Biotechnology, Inc., and Syngenta Seeds, LLC (collectively, Syngenta). A surreply is necessary here to address and rebut a new argument raised for the first time in Syngenta's reply and to correct an improper argument that rests on a misstatement of law.

For good reasons, courts generally refuse to consider new arguments or evidence raised in a reply brief. *See, e.g., Glad v. Thomas Cnty. Nat'l Bank*, No. 87-1299-C, 1990 WL 171068, at *2 (D. Kan. Oct. 10, 1990) (stating that "[t]he inequity of a court considering arguments and issues that were raised for the first time in a reply brief should be apparent"); *M.D. Mark, Inc. v Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) (stating that "the general rule in [the Tenth Circuit] is that a party waives issues and arguments raised for the first time in a reply brief"). If, however, "the court relies on new material or new arguments in a reply brief, it may not forbid the non-movant from responding to those new materials." *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (quoting *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165

(10th Cir. 1998)); *see also Green v. New Mexico*, 420 F.3d 1189, 1192 (10th Cir. 2005) ("'Material' for purpose of this framework includes both new evidence and new legal arguments.").

In its reply, Syngenta raises a new argument in support of its contention that DeLong has failed to state a false-advertising claim under the Lanham Act. Syngenta originally presented a dual argument, claiming first that "any alleged misrepresentations *since at least July 2011* cannot chronologically support DeLong's theory of causation" and, second, that Syngenta's statements to Cargill, Inc. were not "disseminated sufficiently to the relevant purchasing public" so as to constitute commercial advertisements or promotions actionable under the Lanham Act. (*See* Defs.' Mot. to Dismiss at 10, ECF No. 10 (emphasis added)). As explained in DeLong's opposition, the first argument overlooks the allegations that Syngenta made misrepresentations in the first quarter of 2011, before the planting season ended and the ensuing contamination occurred. (*See* Pl.'s Mem. in Opp'n at 6–9, ECF No. 17). In its reply, Syngenta argues for the first time that any statements had to be made before sales of Viptera began in order to support the Lanham Act claim. Unable to support its original premises, Syngenta pivots and argues for the first time in its Reply that DeLong's theory of causation is too attenuated. (*See* Defs.' Reply Br. at 4–7, ECF No. 18). It also seeks to use a single sentence in its Motion as a fountainhead for an expanded argument that its misrepresentations were not "commercial speech," mischaracterizing *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410 (1993). (*See id.*).

While this Court should simply refuse to consider any new material in Syngenta's reply, DeLong moves to file a surreply that rebuts those new arguments should the Court elect to consider them. Syngenta's new challenge to DeLong's causation theory rests on a mischaracterization of the term "commercialize", as used in DeLong's Complaint. Commercialization occurs when the

products are brought to market for planting and harvest, and it is entirely plausible that farmers would have planted other seeds had Cargill erected signs warning them that China had not approved MIR162, even if they had already purchased Viptera. (*See* Pl.'s Orig. Compl. at ¶¶ 22, 42, 83, 97, 100, 105–06, 109, 127, ECF No. 1 (each paragraph stating planting was key to commercialization)).[1] Additionally, Syngenta's reply brief improperly seeks to define "commercial speech" too narrowly by relying on the *City of Cincinnati*'s narrow definition of the "*core* notion" of commercial speech and treating it as if it defines *all* commercial speech. *See City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 422 (1993). Communications outside of that "core" can still qualify as commercial speech and fall within the ambit of the Lanham Act. *See, e.g., Bolger v. Young Drug Prods. Corp.*, 463 U.S. 60, 66–67 (1983); *Bad Frog Brewery, Inc. v. N.Y. State Liquor Auth.*, 134 F.3d 87, 97 (2d Cir. 1998); *see also Porous Media Corp. v. Pall Corp.*, 173 F.3d 1109, 1120 n.8 (8th Cir. 1999) (refusing to accept the "narrow 'core' definition" of commercial speech for purposes of a Lanham Act claim).

If this Court considers these new materials in Syngenta's reply, DeLong moves to file a surreply that rebuts those new arguments. DeLong has attached the proposed seven-page surreply that it seeks to file with the Court.

---

[1] Despite DeLong having defined commercialization as bringing products to market for "planting and harvest" in its first filing in this matter and focusing on that same concept in its present Response, Syngenta's Reply misstates this position to the Court as if DeLong had defined commercialization as focused on initial sale of seed. (*See* Def.'s Reply Br. at 7, ECF No. 18).

Respectfully Submitted,


/s/ *William B. Chaney*
WILLIAM B. CHANEY
ANDREW K. YORK
GRAY REED & McGRAW LLP
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
wchaney@grayreed.com
dyork@grayreed.com

PATRICK J. STUEVE, KS Bar #13847
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
stueve@stuevesiegel.com

DON M. DOWNING
GRAY, RITTER & GRAHAM, P.C.
701 Market Street, Suite 800
St. Louis, Missouri 63101
Telephone: (314) 241-5620
Facsimile: (314) 241-4140
ddowning@grgpc.com

SCOTT POWELL
HARE WYNN NEWELL & NEWTON
2025 3rd Ave. North, Suite 800
Birmingham, Alabama 35203
Telephone: (205) 328-5330
Facsimile: (205) 324-2165
scott@hwnn.com

        DAVID C. MOORE
        Wisconsin State Bar No. 1018417
        NOWLAN & MOUAT LLP
        100 S. Main Street
        P. O. Box 8100
        Janesville, Wisconsin  53547-8100
        Telephone:  (608) 755-8100
        Facsimile:  (608) 755-8110
        dmoore@nowlan.com

        ATTORNEYS FOR PLAINTIFF,
        THE DELONG CO., INC.

OF COUNSEL:

JERRY SANTANGELO
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago Illinois  60603
Telephone:  (312) 445-4935
Facsimile:  (312) 641-6492
jsantangelo@sperling-law.com

**CERTIFICATE OF CONFERENCE**

    I hereby certify that, on August 14, 2019, I called counsel for Syngenta attempting to confer about the merits of the foregoing Motion, left a voicemail, and have followed up with an email. As of the time this Motion was filed, counsel for Syngenta had not yet responded.

        */s/ William B. Chaney*
        WILLIAM B. CHANEY

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that, on August 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

        */s/ William B. Chaney*
        WILLIAM B. CHANEY