**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

*IN RE SYNGENTA AG MIR 162 CORN LITIGATION*

THIS DOCUMENT RELATES TO:

*The DeLong Co., Inc. v. Syngenta AG, et al.,*
No. 17-cv-2614-JWL-JPO

Case No. 17-cv-2614-JWL-JPO

**SYNGENTA'S IDENTIFICATION OF PERSONS AND ENTITIES
FOR COMPARISON OF FAULT**

In accordance with the Scheduling Order, ECF No. 11, Defendants Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC, (collectively, "Syngenta") identify the following persons or entities whose fault is to be compared for all purposes and any applicable statute or precedent permitting apportionment of fault.

Syngenta expressly incorporates by reference the comparative and contributory fault defenses asserted in its Answer.[1]

Syngenta denies that it owed any duty to DeLong, including a duty to control the manner, timing, and scope of its commercialization of Viptera and Duracade corn seeds or any duty to control the way that third parties (like DeLong itself) handle and export harvested grain grown from Viptera or Duracade seed so as to keep it segregated from the rest of the corn supply. Syngenta also respectfully disagrees with the Court's prior rulings in related cases that it owes a duty due to the "inter-connected" relationships in the corn industry. *See In re Syngenta AG MIR*

---

[1] Syngenta acknowledges the Court's prior ruling on comparative fault at the summary-judgment stage based on the evidence presented in the cases brought by producer plaintiffs, but asserts comparative fault here both because the analysis is different with respect to the claims brought by an exporter such as DeLong and because Syngenta wishes to preserve these defenses for appeal.

*162 Corn Litig.*, 131 F. Supp. 3d 1177, 1188-89 (D. Kan. 2015). But *if* any such duty exists, then the Court's theory of duty extends to all entities in the industry who accomplish the commingling that disperses a GM event in the corn supply, including growers, grain elevators, transporters, and exporters. Syngenta accordingly denies any liability to DeLong or that DeLong has suffered legally cognizable damages. However, if there is a determination that Syngenta is liable to DeLong and DeLong has suffered legally cognizable damages, that liability is shared.

In addition, the following entities bear all or some of the fault. This list is based on information reasonably available to Syngenta based on its investigation to date. Discovery in this case is ongoing and may reveal other entities that bear all or some responsibility for causing DeLong's alleged damages. Syngenta reserves the right to supplement or amend this list if additional information becomes available.

1. Plaintiff The DeLong Company, Inc.

   (a) <u>Nature of fault.</u> DeLong failed to exercise reasonable care to avoid injury to itself. DeLong entered contracts promising to sell Chinese purchasers corn and/or DDGS—even though DeLong knew that it could not perform those contracts due to the presence of MIR162 throughout the U.S. corn supply. DeLong knew at all times that MIR162 was not approved for import into China, knew that China had a zero-tolerance policy for GM events, and knew that shipping corn and/or DDGS containing MIR162 to China would result in the rejection of its shipments. But DeLong knowingly shipped U.S. corn and/or DDGS to China anyway. DeLong also failed to mitigate its damages, including by failing to pursue other export destinations for U.S. corn and/or DDGS that had already approved MIR162 in order to avoid the risk of rejections in China.

2. People's Republic of China, including the General Administration of Quality Supervision, Inspection and Quarantine of the People's Republic of China (AQSIQ) and the Ministry of Agriculture of the People's Republic of China.

   (a) <u>Nature of fault.</u> China improperly delayed approval of Viptera for non-science-based reasons beyond the regular timeframe for approving applications for import of genetically modified agricultural products—before ultimately approving Viptera for import and agreeing that Viptera is a safe and effective product. According to Plaintiff, after years of accepting U.S. corn allegedly containing Viptera and before ultimately approving Viptera for import, China also decided that it was in its own interest to reject shipments of U.S. corn allegedly containing Viptera in November 2013 and to extend this ban to Distiller's Dried Grain with Solubles (DDGS, a corn byproduct of ethanol

production that is used for animal feed), resulting in what Plaintiff alleges was a ban of all U.S. corn imports.

3. DeLong's Chinese customers who entered contracts to purchase U.S. corn and/or DDGS. This category includes entities who will be identified through discovery.

4. Elevators, transporters, exporters, and other grain handlers who entered contracts to ship U.S. corn and/or DDGS to Chinese purchasers that met China's GM requirements—even though they knew that they could not perform those contracts due to the presence of MIR162 throughout the U.S. corn and/or DDGS supply, shipped U.S. corn and DDGS to China anyway, and caused the series of rejections that (under DeLong's theory) allegedly caused a drop in Chinese demand for U.S. corn and/or DDGS. This category includes the following entities identified so far (and others who may be identified through discovery):

(a) Cargill, Inc.
15407 McGinty Rd., Wayzata, MN 55391

(b) Cargill International SA
14 chemin de Normandie, 1206 Genève, Switzerland

(c) Agribase International, Inc.
404 Main Street, Murrayville, IL 61668

(d) Trans Coastal Supply Company, Inc.
2803 N. 22nd Street, Decatur, IL 62526

Dated: October 11, 2019                         Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By: */s/ Thomas P. Schult*
Thomas P. Schult
Jennifer B. Wieland
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com

*Liaison Counsel for Syngenta Defendants*

3

        Leslie M. Smith, P.C.
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
leslie.smith@kirkland.com

Mike Brock, P.C.
Michael D. Jones, P.C.
Edwin John U, P.C.
Ragan Naresh, P.C.
Patrick Haney
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:   (202) 389-5000
Facsimile:    (202) 389-5200
mike.brock@kirkland.com
mjones@kirkland.com
edwin.u@kirkland.com
ragan.naresh@kirkland.com
patrick.haney@kirkland.com

*Lead Counsel for Syngenta Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on October 11, 2019, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ Thomas P. Schult*
Thomas P. Schult