IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 ) | MDL No. 2591 |
| CORN LITIGATION ) | |
| ) | Case No. 14-md-2591-JWL |
| This Document Relates To: ) | |
| ) | |
| *The DeLong Co., Inc. v. Syngenta AG, et al.*, ) | |
| No. 17-2614-JWL ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This single case within this multi-district litigation (MDL) presently comes before the Court on the motion by defendants (collectively "Syngenta") for leave to conduct additional discovery to support its statute-of-limitations defense (Doc. # 170). For the reasons set forth below, the Court **denies** the motion.

Syngenta moved for summary judgment in this case, which presently includes a single claim of negligence under Wisconsin law, in part based on the applicable six-year statute of limitations. By Memorandum and Order of February 3, 2021, the Court granted the motion on that basis. *See In re Syngenta AG MIR 162 Corn Litig.*, 2021 WL 365091 (D. Kan. Feb. 3, 2021) (Lungstrum, J.), *rev'd*, 2022 WL 1510596 (10th Cir. May 13, 2022) (unpub. op.). In concluding as a matter of law that plaintiff had suffered actual damage prior to the relevant date of October 11, 2011, the Court cited the following evidence: (1) testimony by Bo DeLong, plaintiff's corporate representative, that plaintiff tied up certain facilities and equipment beginning in August or September of 2011 to isolate certain corn products, in response to a question about whether there were costs associated with steps to

accomplish such isolation; (2) Mr. DeLong's agreement in his testimony that plaintiff "was incurring" costs from Syngenta's allegedly negligent product commercialization at the time he drafted a particular document in August 2011; (3) evidence that before October 2011 plaintiff had begun insisting in its sale contracts that buyers assume all financial risk from the commercialization; and (4) testimony by Drew McClymont, an employee of plaintiff, that plaintiff's business had been impacted by the commercialization by September 2011. *See id.* at \*2-4. The Court further concluded that Mr. DeLong's declaration, in which he stated that plaintiff incurred no "quantifiable costs" in 2011 attributable to the alleged negligence, did not controvert his testimony that costs had been incurred. *See id.* at \*3.[1]

The Tenth Circuit reversed, concluding that, although that evidence is "certainly suggestive," a reasonable jury could nonetheless conclude that plaintiff did not suffer damage before October 11, 2011. *See DeLong*, 2022 WL 1510596, at \*3-6. The Tenth Circuit specifically noted that "Syngenta had failed to pin down the facts so that no reasonable person could disbelieve that [plaintiff] suffered harm before October 2011;" that "[f]or whatever reason, counsel for Syngenta decided not to try to pin the matter down" with respect to Mr. DeLong's testimony about costs incurred in preparation for the isolation; and that in response to Mr. DeLong's testimony that plaintiff was incurring costs, "[Syngenta's] attorney could have asked Mr. DeLong follow-up questions to specify what those expenses were." *See id.* at \*3, 4. The Tenth Circuit remanded the case for further

---

[1] The Court also rejected plaintiff's argument for tolling of the limitation period. *See DeLong*, 2021 WL 365091, at \*4-6. The Tenth Circuit did not reach that issue. *See DeLong*, 2022 WL 1510596, at \*1.

proceedings, and summary judgment motions filed previously by the parties remain pending.[2]

Although the deadline for discovery in this case has long since passed, Syngenta now seeks leave to take additional "targeted" discovery relevant to the limitations defense, as follows: (1) depositions, not to exceed 3.5 hours in total, of Mr. DeLong individually and of Mr. DeLong (or some other designee) as plaintiff's corporate representative to testify about six particular topics; and (2) two document requests. Syngenta also suggests that if such leave is granted, it may wish to supplement its summary judgment briefing to assert again its statute-of-limitations defense.

Syngenta effectively seeks modification of the scheduling order that contains the expired discovery deadline, and such a modification by rule requires a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). The Tenth Circuit has explained that standard as follows:

> In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts. Good cause also obligates the moving party to provide an adequate explanation for any delay.
>
> Trial courts have considerable discretion in determining what kind of showing satisfies this good cause standard. In making this determination, the factor on which courts are most likely to focus is the relative diligence of the lawyer who seeks the change. Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.

---

[2] The Court has previously stated its intent to allow pending *Daubert* motions to be decided by the MDL transferor court upon remand.

> Another relevant consideration is possible prejudice to the party opposing the modification.

*See Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citations and internal quotations omitted).  The parties agree that, in this context of seeking to reopen discovery, the Court should consider the following factors listed by the Tenth Circuit in *Smith v. United States*, 834 F.2d 166 (10th Cir. 1987):

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*See id.* at 169 (citations omitted); *see also Kone v. Tate*, 2021 WL 1210009, at *3 (D. Kan. Mar. 31, 2021) (court considers the *Smith* factors in applying the good-cause standard as described in *Tesone*, with the moving party's diligence therefore becoming the most important factor).

Syngenta argues that it needs new discovery that it could not have sought before the deadline, even if acting diligently, because it reasonably believed that the deposition testimony it did obtain was sufficient to show that plaintiff's claim was time-barred as a matter of law; and that Mr. DeLong's declaration, submitted with the summary judgment briefing after the close of discovery, then supplemented or contradicted his deposition testimony in a way that was not foreseeable.  Syngenta argues that it should be permitted to examine Mr. DeLong to have him clarify and reconcile before trial his testimony and the statements in his declaration.  Syngenta notes that there is no trial setting yet, as the case has not yet been remanded to the transferor court, and it argues that any delay would

be offset by the efficiency gained in obtaining additional evidence on an issue that could prove case-dispositive. Syngenta notes that the information sought is clearly relevant to its limitations defense, and it contends that plaintiff would suffer little prejudice from the limited discovery, especially in light of the statement in plaintiff's brief that it has no documents responsive to the two document requests and that it has no information concerning two of the proposed deposition topics.

Plaintiff opposes the request for additional discovery. Plaintiff argues that Syngenta could have asked more questions at the depositions, but that it chose not to do so (and even canceled one scheduled day of Mr. DeLong's deposition); and that in light of that choice, Syngenta should not be permitted to delay resolution of the case and impose burdens of time and expense on plaintiff and its counsel to grant Syngenta a second chance to seek evidence to support its defense.

After considering all of the relevant circumstances, the Court concludes in its discretion that Syngenta has not established good cause to modify the scheduling order to allow discovery to be reopened as requested. The Court's analysis turns primarily on the factors of Syngenta's diligence and the foreseeability of the need for the requested discovery. Syngenta essentially argues that Mr. DeLong's declaration created the need, which did not exist prior to expiration of the discovery deadline and which could not have been foreseen, to clarify plaintiff's position and testimony concerning any injury it may have suffered prior to October 2011. That view, however, does not jibe with the Tenth Circuit's opinion. The Tenth Circuit did not rely on the declaration in a significant way to

5

find that a fact issue remained for trial; rather, that court's opinion was based almost entirely on its conclusion that a reasonable jury could find that the deposition testimony did not show an injury to plaintiff before October 2011. Significantly, as noted above, the Tenth Circuit stressed Syngenta's choice not to follow up or to ask further clarifying questions in the depositions. Thus, the opinion highlights the fact that Syngenta made a strategic choice not to ask more questions when it believed that it had obtained sufficient evidence to support its defense – as, of course, asking additional questions always creates a risk of muddying or undercutting the testimony previously obtained. In that sense, the potential need for the requested discovery was reasonably foreseeable to Syngenta when it made its choice. In the ordinary course, a party must live with its decision not to take additional discovery – it does not get a second bite at that apple. The Court also notes that plaintiff would in fact suffer prejudice in the form of time and additional costs if it were required to prepare for and submit to additional depositions. Accordingly, the Court concludes that Syngenta has not shown the requisite good cause, and it therefore denies the motion for leave to conduct additional discovery.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for additional discovery (Doc. # 170) is hereby **denied**.

IT IS SO ORDERED.

Dated this 13th day of January, 2023, in Kansas City, Kansas.

    /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge